CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND, and ALMANZA[1]
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 ANDREW W. CUCCARO**
**United States Army, Appellant**

ARMY 20130338

Headquarters, Fort Stewart
Tiernan P. Dolan, Military Judge
Colonel Randall J. Bagwell, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Captain Brian D. Andes, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Major A.G. Courie III, JA; Captain Benjamin W. Hogan, JA (on brief).

28 September 2015

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.[2]*

HAIGHT, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of indecent acts, one specification of indecent exposure, one specification of sexual exploitation of a child, one specification of possession of child pornography, and one specification of communication of indecent language to a child under 16 years of age, in violation of Articles 120 and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 920 and 934 (2006 & Supp. IV 2011).  The convening authority approved the adjudged sentence of a bad-conduct discharge and confinement for thirty months.

----

[1] Judge ALMANZA took final action in this case while on active duty.
[2] Corrected

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, both of which merit discussion and relief. Appellant personally raises three issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), none of which merits discussion or relief.

## BACKGROUND

Appellant's misconduct stemmed from an illicit relationship he engaged in with a 12-year-old girl, EC—the younger sister of a friend and fellow soldier with whom he served at Fort Stewart, Georgia. Appellant met and befriended Specialist (SPC) MC while the two attended basic training at Fort Knox, Kentucky, and both were subsequently stationed together in the same unit at Fort Stewart in late 2010. Because Specialist MC's mother lived just a few hours south of post in central Florida, SPC MC invited appellant to join him at his mother's house on two separate occasions in early 2011 "for home cooked meal[s]" and "some time away from Fort Stewart." While in Florida, appellant was introduced to EC, who SPC MC indicated was 12 years old. During appellant's second visit, appellant and EC exchanged their cellphone numbers.

Shortly after appellant's last visit with SPC MC to Florida, the two were hanging out in SPC MC's barracks room and drinking. They went outside to smoke a cigarette, and appellant left his phone outside with SPC MC while he went back inside to retrieve a debit card to order some pizza. At that point in time, appellant's phone "went off," and SPC MC proceeded to "go through" and "scroll down" through the messages and pictures stored on appellant's phone. To his dismay, SPC MC discovered his sister had sent nude pictures of herself to appellant.

At trial, EC testified that after appellant's most recent visit to her house, she and appellant exchanged text messages that were increasingly sexual in nature. By his words and deeds, appellant induced the young girl to send him sexually explicit pictures of herself. As a result, EC did send multiple nude pictures of herself to appellant. Within the context of this sexually-charged exchange of text messages, appellant sent her a picture of his erect penis.

For his misconduct, appellant was charged with and convicted of indecent acts, indecent exposure, sexual exploitation of a child, possession of child pornography, and communicating indecent language to a child under 16 years of age.

## DISCUSSION

### 1. *Unreasonable Multiplication of Charges*

In his first assignment of error, appellant argues the indecent act and the indecent exposure offenses "constitute an unreasonable multiplication of charges for

findings when the offense of indecent exposure is [the] predicate offense for an indecent act." In its response, the government concedes that "the charges are both multiplicious and unreasonably multiplied." We accept the government's concession.

The government charged appellant with two different offenses pursuant to Article 120, UCMJ, for the singular act of sending EC an image of his exposed erect penis: indecent acts and indecent exposure.

In Specification 1 of Charge I, the government alleged appellant:

> Did, at or near Fort Stewart, Georgia, on or between 8 May 2011 and 11 May 2011, wrongfully commit indecent conduct, to wit, sending Miss E.C., a person [appellant] believed to be less than 16 years of age, one or more digital photographs of an erect penis.[3]

In Specification 2 of Charge I, the government alleged appellant:

> Did, at or near Dade City, Florida, on or between 8 May 2011 and 11 May 2011, intentionally expose in an indecent manner his erect penis by means of digital photograph, to Miss E.C., a person [appellant] believed to be less than 16 years of age.

At trial, the government adduced sufficient evidence to prove that appellant sent a digital image of his exposed erect penis to EC's smartphone and that EC received and observed the image. In closing argument, defense counsel conceded appellant had sent the image to EC but asserted "under the totality of the evidence," "in a consensual exchange of photographs," appellant's actions "should not be considered indecent." Additionally, defense counsel argued that "based on *United States v. Campbell*, 71 M.J. 19, those two charges are multiplicious. If they are multiplicious for sentencing, then they should be multiplicious for findings as well. They allege the exact same conduct and act." In its rebuttal, the government acknowledged that "the first element of the indecent act offense fairly encompass[es] the first three elements of indecent exposure." Nonetheless, the military judge ultimately convicted appellant of both offenses, but "considered [them] to be multiplicious for sentencing and . . . treated them as one offense for sentencing."

---

[3] By exception and substitution, the military judge found appellant guilty of only sending EC a single photograph of a penis.

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4). The prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001); *see also United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012). In *Quiroz*, our superior court listed five factors to guide our analysis of whether charges have been unreasonably multiplied:

> (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;
>
> (2) Is each charge and specification aimed at distinctly separate criminal acts?;
>
> (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;
>
> (4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?; and
>
> (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

55 M.J. 338-39 (internal quotation marks and citation omitted).

The offense of indecent exposure entails the following elements:

> (a) That the accused exposed his or her genitalia, anus, buttocks, or female areola or nipple;
>
> (b) That the accused's exposure was in an indecent manner;
>
> (c) That the exposure occurred in a place where the conduct involved could reasonably be expected to be viewed by people other than the accused's family or household; and
>
> (d) That the exposure was intentional.

*Manual for Courts-Martial, United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶ 45.b.(14).

The offense of indecent acts requires:

> (a) That the accused engaged in certain conduct; and

> (b) That the conduct was indecent conduct.

*MCM*, pt. IV, ¶ 45.b.(11).

Here, the first three *Quiroz* factors weigh heavily in favor of appellant. First, trial defense counsel objected—albeit in his closing argument—to the government moving forward with both offenses. Second, the indecent act and indecent exposure specifications are not aimed at distinctly criminal acts. Rather, they are aimed at precisely the same criminal act. The evidence plainly established that appellant sent EC a picture of his penis on a single occasion. Moreover, at trial, the government conceded that the indecent act offense effectively encompassed the elements of indecent exposure. Third, under the circumstances of this case, separate convictions for each offense exaggerate appellant's criminality. Not only does appellant stand convicted of two serious offenses for the same misconduct, his criminality is grounded upon the same basis for each offense—namely, that it is indecent for an adult to send a photograph of his penis to a child he believes to be less than 16 years of age.

Appellant's punitive exposure was not unreasonably increased because the military judge merged the indecent act and indecent exposure offenses for sentencing. Finally, in light of the individual elements of each offense and our superior court's decision in *United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010), we recognize genuine proof issues that likely prompted the government to pursue both specifications and thus find no prosecutorial overreach or abuse. *See also United States v. Wilkins*, 71 M.J. 410 (C.A.A.F. 2012).

Although no single *Quiroz* factor is dispositive, the first three work in appellant's favor. *See Campbell*, 71 M.J. at 23 (noting one or more factors may be sufficiently compelling, without more, to warrant relief). Coupled with the government's concession, we hold that appellant's convictions for an indecent act and indecent exposure represent an unreasonable multiplication of charges for findings. Therefore, consistent with appellant's prayer for relief, we will set aside and dismiss the indecent exposure offense.

### 2. *Factual and Legal Sufficiency—Child Pornography*

In Specification 3 of Charge II, appellant was charged with possessing four images of EC that amount to child pornography "as defined in Title 18, United States Code, Section §2256(8)." Pursuant to a motion for a finding of not guilty, the military judge acquitted appellant of two of the images[4] at the close of the government's case in chief, but convicted appellant of the other two. In his second assignment of error, appellant asserts that "Specification 3 of Charge II is legally insufficient where the images [possessed by appellant] were not 'child pornography' as defined by 18 U.S.C. § 2256(8)." We agree with appellant and find the two remaining images to be factually and legally insufficient.

18 U.S.C. §2256(8) defines "child pornography" as: [A]ny visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

> (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

> (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

18 U.S.C. §2256(2)(A) defines "sexually explicit conduct" for §2256(8)(A) and (C) as "actual or simulated:"

> (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

> (ii) bestiality;

---

[4] These images (labeled as (a) and (c) in Specification 3 of Charge II) showed EC's breasts and/or buttocks, but were taken from angles such that they did not reveal any portion of her pubic area or genitalia.

(iii) masturbation;

(iv) sadistic or masochistic abuse; or

(v) lascivious exhibition of the genitals or pubic area of any person.[5]

While neither 18 U.S.C. §2256 nor the President has defined "lascivious exhibition," in *United States v. Roderick*, 62 M.J. 425, 429-430 (C.A.A.F. 2006), our superior court embraced the *Dost* factors recognized in *United States v. Dost*, 636 F.Supp 828, 832 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987). The *Dost* factors are:

> (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests coyness or a willingness to engage in sexual activity; [and] (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Roderick*, 62 M.J. at 429 (quoting *Dost*, 636 F.Supp. at 832).

Here, neither of the images of which appellant remains convicted falls within the first four categories of "sexually explicit conduct." Therefore, we must determine if they qualify as a "lascivious exhibition" of the statutorily specified parts of the body. We "determine whether a particular photograph contains a

---

[5] When charged using the definition of "child pornography" in §2256(8)(B), the government must prove "that *in addition to being lascivious*, all digital images must be '*graphic*,' which means that 'a viewer can observe any part of the genitals or pubic area of any depicted person.'" *United States v. Blouin*, 74 M.J. 247, 250 (C.A.A.F. 2015) (emphasis added). Here, based on the imprecise charging language and the fact that appellant was tried by a judge alone, it is not clear whether the government was using subsection 8(A) or (B) in appellant's case. Although we presume the government was proceeding under subsection 8(A) (which "makes criminal any *photograph* . . . of *actual* children"), in light of the relief afforded below, the distinction between 8(A) and the "more onerous 'graphic' requirement" of 8(B) is not relevant in appellant's case. *Id.* (emphasis added).

'lascivious exhibition' by combining a review of the *Dost* factors with an overall consideration of the totality of the circumstances." *Id.* at 430.

### 1. Image (b)

The first image of which appellant stands convicted (labeled as image "b" in Specification 3 of Charge III) is a photograph which appears to have been taken by EC of herself facing a mirror. The lighting and quality of the image are very poor, but it appears EC is not wearing any clothing. She is standing in a poorly lit room or hallway with her legs slightly apart and she is bent forward at the waist, leaning towards the mirror. She is holding the camera near her face with her left hand and bracing herself with her right hand on her right thigh. The image is so blurry that it is not possible to perceive any details of her body from the chest down. Rather, it essentially depicts a silhouette of EC.

The focal point of image (b) is decidedly not on EC's genitalia or pubic area. *See Dost*, 636 F. Supp. at 832. Instead, the picture focuses primarily on EC's shadowy outline of her facial features and upper body. These parts of her body are closer to the camera due to her positioning before the mirror. Most importantly, because of the dim lighting, heavy shadows, and poor quality of the picture, EC's genitals and pubic area are simply not visible or discernible. *See Blouin*, 74 M.J. at 250 (C.A.A.F 2015) ("We decline to accept the CCA's invitation to adopt the *Knox II*[6] standard as controlling precedent in this jurisdiction."). Ultimately, this image reveals little more than a blurry silhouette of EC's entire body; it is not a lascivious display of her genitals or pubic area.

### 2. Image (d)

The second remaining image of EC was again taken by herself using a mirror. It displays her body from the thighs up. She is topless, and her breasts are fully exposed and clearly visible. However, EC is wearing a pair of white shorts which completely covers her genitals and pubic area. The shorts are not see-through. While this picture is a full-body depiction of EC, her pubic area is completely covered. Government appellate counsel argues that "[n]udity is not required when determining whether an image depicts a 'lascivious exhibition' under the federal statute," citing *Knox II*, 32 F.3d at 746-52, and this court's decision in *United States v. Blouin*, 73 M.J. 694 (Army Ct. Crim. App. 2014), *rev'd*, 74 M.J. 247. Our

---

[6] *United States v. Knox*, 32 F.3d 733, 737 (3d Cir. 1994) (holding that the "federal child pornography statute, on its face, contains no nudity or discernibility requirement, that non-nude visual depictions . . . can qualify as lascivious exhibitions").

superior court reversed our *Blouin* decision and expressly questioned the viability of further reliance on *Knox II*. *Blouin*, 74 M.J. at 251.

EC's genitals and pubic area are not exposed, nude, or discernible. Furthermore, we find contrary to the government's assertion that EC's "pubic area is in the image and discernible by her form fitting shorts." Also, the focal point of this image is clearly not the girl's shorts; rather, it is her exposed breasts.

Applying the applicable standards, we find neither image (b) nor (d) depicts a lascivious display of a minor's genitalia and, therefore, neither image amounts to child pornography as defined by 18 U.S.C. §2256(8). *See Dost*, 636 F.Supp 828; *Blouin*, 74 M.J. 247; *Roderick*, 62 M.J. 425.

## CONCLUSION

The findings of guilty to Specification 2 of Charge I and Specification 3 of Charge II are set aside and those specifications are DISMISSED. The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape that might cause us pause in reassessing appellant's sentence. The military judge merged the indecent act and indecent exposure specifications for sentencing. Moreover, although we have set aside appellant's possession of child pornography offense, appellant's remaining convictions still carry a maximum sentence to confinement of thirty-seven years. Second, appellant was tried and sentenced by a military judge alone. Third, the remaining offenses still capture the gravamen of the original offenses and the circumstances surrounding appellant's conduct. Appellant engaged in a highly inappropriate relationship with a 12-year-old girl by exchanging sexually-based messages and pictures with her. Although we have concluded the images he received from EC did not entail a lascivious exhibition of her genitals or pubic area, they still would have been admissible as aggravating evidence in relation to his sexual exploitation conviction. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

Reassessing the sentence based on the entire record, the noted errors, and the remaining findings of guilty, we AFFIRM only so much of the sentence as provides for a bad-conduct discharge and twenty-seven months of confinement. We find this reassessed sentence is not only purged of any error but is also appropriate. All

rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by our decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Judge PENLAND and Judge ALMANZA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court