Judge ERDMANN delivered the opinion of the court.
Specialist (E-4) Dana P. Blouin was charged with possession of child pornography as defined in 18 U.S.C. § 2256(8), in violation of Article 134(1), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006). Consistent with his plea, Blouin was convicted of the charge by a military judge sitting as a general court-martial. The military judge sentenced Blouin to a bad-eonduet discharge, six months of confinement, and a reduction to E-l. The convening authority approved the sentence as adjudged. The United States Army Court of Criminal Appeals (CCA) affirmed the findings and sentence. United States v. Blouin, 73 M.J. 694, 699 (A.Ct.Crim.App.2014). We granted review to determine whether the military judge erred in accepting Blouin’s guilty plea.[1] We hold that the record reflects a substantial basis in law and fact for questioning the plea and therefore reverse the CCA.

Background

During the providence inquiry, the military judge provided Blouin with the following relevant definitions from 18 U.S.C. § 2256:
The phrase “child pornography” means any visual depiction, including any photograph, film, video, picture, or computer, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or such visual depiction has been created, adapted, modified to appear that an identifiable minor is engaging in sexually explicit conduct.
Except as noted below, the phrase, “sexually explicit conduct” means actual or simulate [sic], ... lascivious exhibition of the genitals or pubic area of any person.
When the visual depiction is a digital image, ... the phrase “sexually explicit conduct” means ... graphic or simulated lascivious exhibition of the genitals or pubic area of any person.
“Graphic”, when used with respect to depiction of sexually explicit conduct, means that a viewer can observe any part of the genitals or pubic area of any depicted person or animal during any part of the time that the sexually explicit conduct is being depicted.
Now, Specialist Blouin, do you understand the elements and definitions of this offense as I’ve read them to you?
[Blouin]: Yes, sir.
MJ: And I know that’s a lot to digest. Do you understand what I’ve just told you?
[Blouin]: Yes, sir.
MJ: Do you have any questions about what I just told you?
[Blouin]: No, sir.
MJ: Do you understand that your plea of guilty admits that these elements accurately describe what you did?
[Blouin]: Yes, sir.
MJ: Do you believe and admit that the elements and the definitions taken together do describe what you did?
*249 [Blouin]: Yes, sir.
The military judge went on to discuss the images viewed by Blouin and asked him to describe why the images constituted lascivious exhibitions of the genitals or pubic area. In response, Blouin described two of the images in detail. In questioning Blouin about the images, the military judge asked him on several occasions whether the genitals or pubic area were visible “even though clothed.” - Blouin agreed that the areas in question were clothed.
At the close of the inquiry, the military judge accepted Blouin’s guilty plea. However, during sentencing the military judge reviewed Prosecution Exhibit 4, a compact disk which contained the twelve images of purported child pornography to which Blouin had pleaded guilty to possessing. Based on his review, the military judge reopened the providence inquiry.
The military judge asked Blouin whether the images that he had described during the providence inquiry were contained in Prosecution Exhibit 4. Blouin responded that they were. The military judge then asked whether Blouin had opened all the images and Blouin responded that he had. Blouin then reasserted that he thought the twelve images constituted child pornography consistent with the definitions that the military judge had provided.
However, the military judge then held:
Counsel, having to [sic] review Prosecution Exhibit 4,1 only find three images of child pornography. I find image 1229718342693. JPEG, image 1229720242042.JPEG, and image 1229721479281.JPEG meet the definition of child pornography. The balance of the images on Prosecution Exhibit 4 do not meet that definition. Given further inquiry, I do believe that the accused is guilty of the offense as charged and I stand by my findings. Although as to those three images, I think counsel would be wise to review [United States v. Knox 32 F.3d 733 (3d Cir.1994) ], that it can be a lascivious exhibition even if the genitals and the pubic area are clothed. So, I stand by my findings.
On appeal before the CCA, Blouin asserted that the three images for which he was found guilty did not meet the definition of child pornography set forth in 18 U.S.C. § 2256(8). The CCA rejected Blouin’s argument and affirmed the conviction. Blouin, 73 M.J. at 695. In affirming Blouin’s conviction, the CCA:
endorse[d the] reference to Knox in the Benchbook [and] offer[ed its] decision to establish precedent on a subject not yet directly addressed in a published opinion in our jurisdiction, and hold that nudity is not required to meet the definition of child pornography as it relates to the lascivious exhibition of genitals or pubic area under Title 18. of the United States Code or Article 134, UCMJ.
73 M.J. at 696.

Discussion

Before this court, Blouin again asserts that the three images for which he was found guilty of possessing child pornography do not meet the statutory definition of 18 U.S.C. § 2256(8). Blouin also contends that, despite finding he was incorrect as to what constituted child pornography in nine of the twelve images in Prosecution Exhibit 4, the military judge failed to ensure that he understood why those images did not meet the definitions. Blouin further argues that the military judge and the CCA erred in adopting the rationale of Knox II.[2]
The government counters that this court should adopt Knox II for the proposition that nudity or discemibility of the genitalia or pubic area is not required to establish whether an image is “graphic” as defined in 18 U.S.C. § 2256. The government further argues that, even if this court does not adopt Knox II, the photographs at issue nevertheless meet the definition of graphic as well as the factors used to determine what consti *250 tutes a lascivious exhibition as set forth in United States v. Dost, 636 F.Supp. 828, 832 (S.D.Cal.1986).
18 U.S.C. § 2256 — Definitions
In 2003,18 U.S.C. § 2266 was amended by Congress in response to the Supreme Court’s decision in Ashcroft v. Free Speech Coal., 536 U.S. 234, 122 S.Ct. 1389, 162 L.Ed.2d 403 (2002). See United States v. Williams, 553 U.S. 285, 289, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008) (“After our decision in Free Speech Coal, Congress went back to the drawing board _”); see also S.Rep. No. 108-2, at 1; H.R.Rep. No. 108-66, at 30, 2003 U.S.C.C.A.N. 683. Congress altered the statute in order to limit the “virtual child” defense being successfully used in the wake of Ashcroft, while maintaining the statute’s constitutionality. S.Rep. No. 108-2, at 4-7, 13 (“S. 151 is designed to aid child pornography prosecutions in a constitutionally responsible way.”).
Congress did this, in part, by amending the definition of “child pornography” found 18 U.S.C. § 2256(8).[3] Subsection (8)(A) contains the original language of the statute and makes criminal any photograph, film, video, or picture of actual children engaging in sexually explicit conduct. Congress added subsections (B) and (C) as the result of the 2003 amendments.[4] Subsection (B) makes criminal digital images of either actual children or those indistinguishable from actual children engaging in sexually explicit conduct. Congress also added the requirement in subsection (B) that, in addition to being lascivious, all digital images must be “graphic,” which means that a “viewer can observe any part of the genitals or pubic area of any depicted person.” S.Rep. No. 108-2, at 6-7, 13. The more onerous “graphic” requirement applies only to digital images because of the constitutional danger that the images might not be of actual children. Id.
The distinctions between the subsections are not inconsequential. For example, if an accused were charged under subsection (A), the government would not need to prove the images at issue were “graphic,” but would need to prove the images were of real children. Compare 18 U.S.C. § 2256(8)(A), with 18 U.S.C. § 2256(8)(B). If charged under subsection (B), the government would need to prove the digital images were both graphic and lascivious, but would not be required to show the minors were actual children. Id.

United States v. Knox

The military judge and the CCA both relied on Knox II for the principle that a conviction under 18 U.S.C. § 2256 does not require images that contain nudity. In its opinion, the CCA noted that its adoption of the Knox II standard was to “establish precedent on a subject not yet directly addressed in a published opinion in our jurisdiction.” Blouin, 73 M.J. at 697. We decline to accept the CCA’s invitation to adopt the Knox II standard as controlling precedent in this jurisdiction.
In Knox I, the issue was whether, “videotapes that focus on the genitalia and pubic area of minor females constitute an ‘exhibition of the genitals or pubic area’ under the federal child pornography laws, even though those body parts are covered by clothing.” 977 F.2d at 817 (citations omitted). The Third Circuit held that “such visual depictions do qualify as an exhibition.” Id. On appeal to the Supreme Court, the solicitor general argued that “the plain language of *251 the statute require[ed] the genitals or pubic area exhibited to be at least somewhat visible or discernible through the children’s clothing.” Knox II, 32 F.3d at 737. The Supreme Court remanded the case to the Third Circuit and ordered the court to reconsider its opinion in light of the government’s argument. Id. Despite the position of the solicitor general, on remand the Third Circuit again held that the “federal child pornography statute, on its face, contains no nudity or discernibility requirement, that non-nude visual depictions, such as the ones contained in this record, can qualify as lascivious exhibitions.” Id.
There are several problems with the lower courts’ reliance on Knox II in the present case. Initially, Knox II was decided in 1994 and 18 U.S.C. § 2256 was amended in 2003. The 2003 amendments added the “graphic” requirement for digital images. See Pub.L. No. 108-21, § 502(e) (2003). Accordingly, “the requirement that lascivious exhibitions be ‘graphic’ under the PROTECT Act’s amended obscenity definition likely eliminates a Knox result under the obscenity statute.” United States v. Williams, 444 F.3d 1286, 1299 n. 63 (11th Cir.2006).
In addition, despite the CCA’s assertion to the contrary, at least two federal circuits have undermined Knox II, including the Third Circuit itself. See United States v. Vosburgh, 602 F.3d 512, 538 (3d Cir.2010) (noting in a prosecution for possessing child pornography that images of “child erotica” were legal); United States v. Gourde, 440 F.3d 1065, 1070 (9th Cir.2006) (recognizing that adult pornography and child erotica constitute “legal content”); see also United States v. Warner, 73 M.J. 1, 3 (C.A.A.F.2013) (“Title 18 of the United States Code addresses at length and in considerable detail the myriad of potential crimes related to child pornography, these sections provide no notice that possession of images of minors that' depict no nudity, let alone sexually explicit conduct, could be subject to criminal liability.”); United States v. Roderick, 62 M.J. 425, 429 (C.A.A.F.2006). Finally, neither the CCA nor the government have cited any case which has adopted the rationale of Knox II as applied to 18 U.S.C. § 2256(8)(A)-(C) after its 2003 amendment.[5] Accordingly, the military judge and the CCA adopted an erroneous view of the law when they relied on Knox II to support their decisions.

Providence of the Plea

We review a military judge’s acceptance of a guilty plea for an abuse of discretion. United States v. Finch, 73 M.J. 144, 148 (C.A.A.F.2014), cert. denied, — U.S. -, 135 S.Ct. 98, 190 L.Ed.2d 40 (2014). “If an accused sets up matter inconsistent with the plea at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the plea.” United States v. Moon, 73 M.J. 382, 386 (C.A.A.F.2014). In reviewing a military judge’s decision to accept a guilty plea, “we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant’s guilty plea.” United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F.2008). “Additionally, any ruling based on an erroneous view of the law also constitutes an abuse of discretion.” Id. Finally, we have long held that any guilty plea must be both knowing and voluntary. See United States v. Care, 18 C.M.A. 535, 538-39, 40 C.M.R. 247, 250-51 (1969). Citing to Care, this court has held that “[t]he providence of a plea is based not only on the accused’s understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts.” United States v. Medina, 66 M.J. 21, 26 (C.A.A.F.2008).
The military judge provided Blouin with three mutually exclusive definitions re- *252 fleeting the three subsections of 18 U.S.C. § 2256(8) but he was not advised as to which of the three subsections he was charged with. Indeed, the military judge’s instructions, the charge sheet, the plea inquiry, the pretrial agreement, and the stipulation of fact all fail to establish which subsection Blouin was charged under and which subsection he pled guilty to. As noted earlier, the distinctions between the subsections are not inconsequential and nowhere in the record is this inconsistency clarified. To be clear, it is not necessary for the charge or plea inquiry to specify a subsection under 18 U.S.C. § 2256 if the applicable subsection is clear from the record and there is no inconsistency. However, in this ease, without knowledge of which subsection he was pleading guilty to, Blouin could not have an understanding as to how the law related to his factual admissions.
Further, after accepting Blouin’s plea to all twelve images contained in Prosecution Exhibit 4, the military judge reviewed the images. Based upon that review, he determined that Blouin had pled guilty to possessing nine images of purported child pornography which did not meet the definitions in 18 U.S.C. § 2256. Despite this indication that Blouin had not understood the definitional instructions, the military judge failed to advise Blouin why the nine images failed to qualify as child pornography. Nor did the military judge take any steps to ascertain why Blouin believed the remaining three images did constitute child pornography while the nine images did not. Due to the inconsistencies in the manner in which the offenses were explained to Blouin, combined with the military judge’s failure to make further inquires once he ruled that nine of the images to which Blouin had already pleaded guilty did not constitute child pornography, there exists a substantial basis in law and fact to question the providence of the guilty plea.

Decision

The decision of the United States Army Court of Criminal Appeals is reversed and the findings and sentence are set aside. The record is returned to the Judge Advocate General of the Army. A rehearing is authorized.

. We granted review of the following issue:
Whether the military judge erred by accepting Appellant's pleas of guilty to the specification of the charge where Prosecution Exhibit 4 demonstrated that the images possessed were not child pornography.
United States v. Blouin, 74 M.J. 55 (C.A.A.F.2014) (order granting review).

. There are two relevant Knox decisions from the United States Court of Appeals for the Third Circuit: United States v. Knox, 977 F.2d 815 (3d Cir.1992), vacated and remanded, 510 U.S. 939, 114 S.Ct. 375, 126 L.Ed.2d 325 (1993) (Knox I); United States v. Knox, 32 F.3d at 736 (3d Cir.1994) (Knox II).

. 18 U.S.C. § 2256(8) provides:
"child pornography” means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or'Other means, of sexually explicit conduct, where—
(A) the production of such visual depiction involves tire use of a minor engaging in sexually explicit conduct;
(B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or
(C)such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct

. Subsection (C), which malees criminal images which have been “morphed” or altered in such a way as to appear that an identifiable minor is engaging in sexually explicit conduct, is not at issue in this appeal.

. The only post-2003 case cited by the government and the CCA is Williams, 444 F.3d at 1299 n. 63. The issue in Williams was a pandering charge, which is not analogous to the charge in this case. Indeed, as noted above, Williams actually held that "the PROTECT Act’s amended obscenity definition likely eliminates a Knox result under the obscenity statute." Id. However, as there is no consensus by the federal circuit courts on Knox II, or even within the Third Circuit, we look to our precedent. See Warner, 73 M.J. at 3; Roderick, 62 M.J. at 429.