# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, PENLAND, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Sergeant ORVAL W. GOULD, JR.**
**United States Army, Appellant**

ARMY 20120727

Headquarters, 3d Infantry Division and Fort Stewart (convened)
Headquarters, Fort Stewart (action)
Tiernan P. Dolan, Military Judge
Lieutenant Colonel Kent Herring, Acting Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter E. Kageleiry, Jr., JA; Major Amy E. Nieman, JA; Captain Matthew M. Jones, JA (on brief); Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Amanda R. McNeil Williams, JA (on additional brief following remand).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Carl L. Moore, JA (on brief); Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA; Captain Anne C. Hsieh (on additional brief following remand).

5 August 2016

---------------------------------------------------
MEMORANDUM OPINION ON REMAND
---------------------------------------------------

MULLIGAN, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of indecent liberty with a child and production of child pornography in violation of Articles 120 and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 920, 934 (2006 & Supp. IV 2011). The convening authority approved the adjudged sentence of a bad-conduct discharge, three years confinement, and reduction to the grade of E-1. The convening authority credited appellant with two days against the sentence to confinement.

Our court previously conducted an appellate review of this case pursuant to Article 66, UCMJ, affirming appellant's conviction for production of child pornography in violation of Article 134, UCMJ, and only so much of the finding of guilty as to the Article 120, UCMJ, offense as provided that appellant committed the lesser-included offense of indecent act in violation of Article 120(k), UCMJ. *United States v. Gould*, ARMY 20120727 2014 CCA LEXIS 694 (Army Ct. Crim. App. 16 Sept. 2014) (summ. disp.). We affirmed the sentence after conducting a reassessment pursuant to *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). *Gould,* 2014 CCA LEXIS 694 at *3. The Court of Appeals for the Armed Forces (CAAF) subsequently reversed this court's decision as to the production of child pornography charge (Specification 1 of Charge II) and the sentence, but affirmed the remaining finding of guilty. *United States v. Gould*, 75 M.J. 22 (C.A.A.F. 2015). The CAAF returned the record to The Judge Advocate General for remand to this court for further consideration of the child pornography specification in light of that court's holding in *United States v. Blouin*, 74 M.J. 247 (C.A.A.F. 2015). *Id*.

## LAW AND DISCUSSION

In accordance with Article 66(c), UCMJ, we review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Humphreys*, 57 M.J. 83, 94 (C.A.A.F. 2002). In resolving questions of legal sufficiency, we are "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001).

The military judge, in finding appellant guilty of producing child pornography, found four images taken by appellant of Ms. KO constituted a lascivious exhibition of her genitals or pubic area. *See* 10 U.S.C. § 2256(8)(A); 10 U.S.C. 2256(2)(A)(v). In each of these images, Ms. KO's pubic area was covered by underwear. We have re-examined these four photographs in light of the nonexclusive factors set forth by our superior court in *United States v. Roderick*, 62 M.J. 425, 429 (C.A.A.F. 2006) (citing *United States v. Dost*, 636 F. Supp. 828, 832 (S.D.Cal. 1986)) for determining if they represent a "lascivious exhibition." Viewing the images under a totality of the circumstances, we are not convinced that

2

the images legally support the findings of guilty.[1]  Accordingly, we need not further review this charge in light of *Blouin.*

**CONCLUSION**

Specification 1 of Charge II is set aside and DISMISSED.  We again AFFIRM the remaining finding of guilty.

We are able to reassess the sentence on the basis of the errors noted and do so after conducting a thorough analysis of the totality of the circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *Winckelmann*, 73 M.J. at 15-16, and *Sales*, 22 M.J. at 307-08.

In conducting a sentence reassessment, a Court of Criminal Appeals must "assure that the sentence is appropriate in relation to the affirmed findings of guilty, [and] that the sentence is no greater than that which would have been imposed if the prejudicial error had not been committed."  *Sales,* 22 M.J. at 307-08 (quoting *United States v. Suzuki*, 20 M.J. 248, 249 (C.M.A. 1985)).  "[I]f the court can determine to its satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error. . . ."  *Sales*, 22 M.J. at 308.

First, the dismissal of Specification 1 of Charge II reduces appellant's punitive exposure from thirty-five to five years.  However, this factor is not dispositive in this case.  Second, appellant was tried and sentenced by a military judge sitting alone. Third, the gravamen of the criminal conduct within the original offenses remains substantially the same.  Appellant remains convicted of committing an indecent act upon Ms. KO.  The appellant's photography of Ms. KO, while perhaps not production of child pornography, was nonetheless an admissible aggravating circumstance surrounding the indecent act.  Finally, the remaining offense is of the type with which this court has experience and familiarity, and can reliably determine what sentence would have been imposed at trial.  We are confident that based on the entire record and appellant's course of conduct, the military judge sitting alone as a general court-martial, would have imposed a sentence of at least a bad-conduct discharge, thirty months confinement, and a reduction to the grade of E-1.

Reassessing the sentence based on the noted errors and the entire record, we AFFIRM only so much of the approved sentence as provides for a bad-conduct discharge, thirty months confinement, and reduction to the grade of E-1.  All rights,

---

[1] We need not answer here the question whether a lascivious exhibition requires actual nudity.  *See Blouin*, 74 M.J. at 256-57 (Baker, J., dissenting).  Assuming nudity is not a requirement, we would still come to this conclusion.

privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Judge PENLAND concurs.

WOLFE, Judge, dissenting:

Appellant, while babysitting an eight year old girl, had her try on underwear while he took pictures with his cellphone. (That is, appellant had girls' underwear at the ready). He also had her sleep in his bed, and she testified that appellant had "spied" on her while in the bathroom. Appellant told police he did these actions because he was attracted to the girl "in some form of fashion" and admitted that the pictures were "part of his pornography."

One of the pictures is an extreme close up of the girl's groin. While she is wearing loose fitting underwear in the picture, her genital area is not merely "the focal point" of the image–it takes up the entire screen. In another image the girl wears tighter fitting underwear and one can depict (slightly) the outline of her labia. The record makes clear these images were taken for the purpose of satisfying appellant's sexual desires.

The majority determines that these images do not constitute child pornography. I respectfully disagree, and therefore dissent.

*A. Totality of the Circumstances*

Our superior stated that "courts determine whether a particular photograph contains a lascivious exhibition by combining a review of the six [Dost] factors with an overall consideration of the totality of the circumstances." *United States v. Roderick*, 62 M.J. at 425, 427 (C.A.A.F. 2006). In other words, our inquiry is not limited to the four corners of the image. The "totality of the circumstances" requires us to not only look at the image but also the manner in which the image was produced, and its purpose for which it was taken. Judge Baker described this inquiry as "necessarily[] a highly contextual and fact-specific inquiry." *United States v. Blouin*, 74 M.J. 247, 255 (C.A.A.F. 2015) (Baker, J., dissenting). A picture taken for medical diagnosis and treatment, for example, is reviewed differently than a picture that was part and parcel to a child's sexual exploitation. Here, these images were taken in order to facilitate appellant's sexual attraction to an eight year old girl when appellant was purportedly acting *in loco parentis*. The totality of the circumstances weighs in favor of finding the specification legally sufficient.

4

### B. Is Nudity Required?

In *Blouin*, our superior court rejected the application of *United States v. Knox* (*Knox II*), 32 F.3d 733 (3d Cir. 1994), as controlling precedent. *Blouin, 74 M.J. at 250*. Adopting *Knox II* would have made clear that non-nude images could be child pornography under 18 U.S.C. § 2256(8). While the CAAF rejected adopting *Knox II,* they did not adopt another standard in its place. The CAAF never answered the question of whether non-nude images could constitute child pornography under 18 U.S.C. § 2256(8).

Instead, the court's decision in *Blouin* turned on whether the military judge adequately conducted an inquiry into appellant's pleas. *See United States v. Blouin,* 73 M.J. 694 (C.A.A.F. 2014) (order granting review). Specifically, the court found that the military judge failed to distinguish which subsection of 18 U.S.C. § 2256(8) appellant was pleading guilty to, and there was therefore a substantial basis in law and fact to question the providence of the appellant's plea. *Blouin*, 74 M.J. at 252.

If non-nude images could *never* be child pornography, the CAAF's decision in *Blouin* would be beside the point. Put simply, the CAAF determined that the providence inquiry was insufficient; they did not determine that *no* inquiry would have been sufficient. The entire thrust of the *Blouin* court's decision is that the military judge should have better explained to the appellant to which subsection of 18 U.S.C. § 2256(8) he was pleading guilty. For example, the CAAF specifically described the differences in the subsections as "not inconsequential." *Blouin*, 74 M.J. at 250. But if nudity was per se required for child pornography under 18 U.S.C. § 2256(8), the differences in the subsections would have been irrelevant (i.e. inconsequential); *no* providence inquiry would have been sufficient.

Put simply, I cannot read into *Blouin* a *sub silentio* holding that requires nudity in all child pornography offenses under 18 U.S.C. § 2256(8). If that were the case, the difference in the subsections of 18 U.S.C. § 2256(8) would be "inconsequential" instead of "not inconsequential" and the case would have been decided on legal sufficiency grounds instead of whether appellant was adequately provident to his pleas. To believe otherwise would mean that the court in *Blouin* found error in how the military judge explained the offenses—when *no explanation* would have been sufficient. While the granted issue in *Blouin* was whether non-nude images meet the statutory definition of 18 U.S.C. § 2256(8), the court decided the case on the alternative ground that appellant was not provident in his pleas.

Our superior court remanded this case to us for reconsideration in light of *Blouin*. As *Blouin* was a case about an improvident guilty plea,[1] and this case was contested judge-alone case, I see no reason to modify our previous decision. There is no issue with a *Care* inquiry, nor were there instructional errors that might raise similar issues.

The majority determines that no reasonable fact-finder could find appellant guilty, and that therefore the specification 1 of Charge II is legally insufficient. As I disagree, I respectfully dissent.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

---

[1] For example, the CAAF digest of opinions records *Blouin* as a decision about the providence of a plea, not a case about what constitutes child pornography. *See* *http://www.armfor.uscourts.gov/newcaaf/digest/IVB2.htm*