# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant BENJAMIN R. ETTER**
**United States Army, Appellant**

ARMY 20150422

Headquarters, 82nd Airborne Division
Tara Osborn, Military Judge
Lieutenant Colonel Dean L. Whitford, Staff Judge Advocate

For Appellant: Lieutenant Colonel Jonathan F. Potter, JA; Captain Heather L. Tregle, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA (on brief).

31 October 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

TOZZI, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of possession of child pornography in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for twelve months, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence that provided for a bad-conduct discharge, confinement for eleven months, and reduction to the grade of E-1.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. In his sole assignment of error, appellant alleges the military judge abused her discretion by accepting appellant's plea of guilty to possessing child pornography where the record demonstrates that the digital image possessed was not child pornography. We do not find the military abused her discretion at the time of trial,

but subsequent case law from our superior court now provides a substantial basis to question the legal sufficiency of appellant's plea. We will provide relief in our decretal paragraph.

## BACKGROUND

Appellant pled guilty to one specification of possession of child pornography in the form of seven videos and one digital image, all found on his laptop computer. Only the digital image is in dispute here. During the providence inquiry, appellant described the digital image as a "minor female in a suggestive position with a blue jacket on." Appellant explained that the focal point of the image was the genitalia, but the viewer could not see the genitalia because the minor female was wearing black shorts.

After explaining the *Dost* factors to appellant, the military judge explained that the digital image could constitute a "lascivious exhibition" of genitalia even though the genitals were clothed, citing this court's decision in *United States v. Blouin*, 73 M.J. 694 (Army Ct. Crim. App. 2014) (*Blouin I*)[*] and *United States v. Knox*, 32 F.3d 733, 737 (3d Cir. 1994) (*Knox II*). *See United States v. Dost*, 636 F.Supp 828, 832 (S.D. Cal. 1986); *Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶ 60b.c.(7)(e). Thus, the military judge accepted appellant's plea to possessing the digital image of child pornography described above. Subsequently, our superior court reversed this court's decision in *Blouin I*, questioning the viability of further reliance on *Knox II*. *See United States v. Blouin*, 74 M.J. 247 (C.A.A.F. 2015) (*Blouin II*).

## LAW AND DISCUSSION

A military judge's acceptance of a guilty plea is reviewed for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). "The test for an abuse of discretion is whether the record shows a substantial basis in law or fact for questioning the plea." *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013) (citing *Id.*).

In the instant case, the nature of the digital image in question and the fact that the military judge did not have the benefit of our superior court's opinion in *Blouin II* raises a substantial basis in law to question appellant's plea. Without deciding whether *Blouin II* mandates a nudity requirement for a lascivious exhibition of the genitals under Article 134, UCMJ, it is apparent that the military judge would have

---

[*] This court's decision in *Blouin I* relied upon *Knox*, 32 F.3d at 737 (holding that the "federal child pornography statute, on its face, contains no nudity or discernibility requirement, that non-nude visual depictions . . . can qualify as lascivious exhibitions").

benefitted by the additional guidance and direction provided by our superior court in *Blouin II*. For this reason, there exists a substantial basis in law to question appellant's plea to possession of the digital image of child pornography in this case.

## CONCLUSION

Upon consideration of the entire record, the court affirms only so much of the finding of guilty of Specification 1 of The Charge as finds that:

> [Appellant], U.S. Army, did, at or near Fort Bragg, North
> Carolina, between on or about 21 October 2013 and on or
> about 6 November 2013, knowingly and wrongfully
> possess child pornography, to wit: seven videos contained
> on an ASUS laptop computer of minors engaging in
> sexually explicit conduct, such conduct being of a nature
> to bring discredit upon the armed forces.

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), the sentence as approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Judge CELTNIEKS and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3