# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

## No. ACM S32447

————————————

## UNITED STATES
*Appellee*

**v.**

## Wilson Y. CHEN
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 16 August 2017

————————————

*Military Judge:* Brendon K. Tukey.

*Approved sentence:* Bad-conduct discharge, confinement for 9 months, reduction to E-1, and a reprimand. Sentence adjudged 4 November 2015 by SpCM convened at Travis Air Force Base, California.

*For Appellant:* Major Rebecca J. Otey, USAF.

Before MAYBERRY, JOHNSON, and MINK, *Appellate Military Judges*.

Senior Judge JOHNSON delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge MINK joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

JOHNSON, Senior Judge:

A special court-martial composed of a military judge sitting alone found Appellant guilty, in accordance with his pleas, of one specification each of wrongfully using marijuana, heroin, and methamphetamine on divers occasions; one specification of wrongfully introducing marijuana onto a military installation on divers occasions; one specification each of wrongful possession of heroin and methamphetamine on divers occasions; and one specification of

operating a vehicle while impaired by methamphetamine and heroin, in violation of Articles 111 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 911, 912a. The court sentenced Appellant to a bad-conduct discharge, confinement for nine months, reduction to E-1, and a reprimand. The convening authority approved the adjudged sentence.

This case was submitted to us on its merits with no assignments of error. However, we address two issues not raised by the parties: (1) an improvident guilty plea; and (2) an error in the staff judge advocate's recommendation (SJAR) to the convening authority.

## I. BACKGROUND

In May 2016, while Appellant was stationed at Travis Air Force Base (AFB), California, his urine sample tested positive for tetrahydrocannabinol, a metabolite of marijuana. When interviewed by agents of the Air Force Office of Special Investigations (AFOSI), Appellant admitted that from the autumn of 2015 to the spring of 2016 he wrongfully used marijuana at least 20 times and wrongfully used heroin approximately 20 times. In addition, Appellant admitted bringing marijuana onto Travis AFB in his car on at least five different occasions over the same period. A few days after his interview, Appellant was found to have again abused marijuana and heroin, as well as methamphetamine, while off-base with his civilian girlfriend.

After undergoing a 28-day inpatient drug rehabilitation program, Appellant returned to Travis AFB. On 22 August 2016, he was witnessed driving erratically and acting strangely on base; a subsequent urinalysis indicated he was under the influence of methamphetamine and heroin. A search of Appellant's person revealed a needle and spoon in his pocket, a bottle of urine near his groin, and a small baggie containing methamphetamine under the blousing strap of the right leg of his uniform pants. A search of his car revealed a plastic bag containing a small amount of heroin.

Appellant was charged with wrongfully using marijuana, heroin, and methamphetamine on divers occasions; wrongfully introducing marijuana, heroin, and methamphetamine onto a military installation on divers occasions; and operating a vehicle while impaired by methamphetamine and heroin, in violation of Articles 111 and 112a, UCMJ. Appellant entered into a pretrial agreement (PTA) with the convening authority whereby Appellant agreed, *inter alia*, to be tried by a military judge sitting alone and to enter into a reasonable stipulation of fact. In addition, Appellant agreed to plead guilty as charged, with the exception that he would plead only to non-divers introduction of heroin and methamphetamine onto Travis AFB. In other words, he would plead guilty to those two specifications, but would except the words "on divers occasions," and

he would plead not guilty to the excepted words. In return, the convening authority agreed to refer the charges and specifications to a special court-martial, without any other limitation on the sentence that might be approved.

At trial, Appellant pleaded as agreed. The military judge conducted an inquiry into the providency of his pleas.[1] With respect to his pleas of guilty to introducing heroin and methamphetamine onto Travis AFB, Appellant described using heroin and methamphetamine at an off-base residence on 21 August 2016. However, Appellant stated his memory was poor from that point on until the morning of 23 August 2016. He stated he remembered a friend being in his car with heroin and methamphetamine off-base on 21 August 2016; he remembered returning to the base alone at some point that night; and he knew that heroin was found in his car and methamphetamine was found on his uniform on base on 22 August 2016. However, he had no specific memory of bringing heroin or methamphetamine onto the base. After an extended inquiry, including a break to enable Appellant to further consult with trial defense counsel, the military judge stated he was "not comfortable" finding Appellant's pleas to the specifications of introducing heroin and methamphetamine provident based on the requirement that Appellant know at the time he introduced the substances onto the base that he was bringing those drugs, or another substance he believed to be contraband, onto the base.

As a result, Appellant and the convening authority entered into a new PTA with a revised stipulation of fact. With respect to the specifications of wrongfully introducing heroin and methamphetamine, the new PTA provided Appellant would plead: "NOT GUILTY, but GUILTY of the lesser included offense of possession, except the words 'on divers occasions' of the excepted words NOT GUILTY." The convening authority's commitment remained the same, that is, to refer the charges and specifications to a special court-martial. The court-martial resumed, and at the military judge's direction, trial defense counsel reannounced Appellant's pleas. However, in announcing the pleas to the lesser included offenses of possession of heroin and methamphetamine, in each case trial defense counsel failed to except the words "on divers occasions."[2]

The military judge then continued the providence inquiry based on the new pleas. No evidence was adduced either in the stipulation of fact or by questioning Appellant that he possessed heroin and methamphetamine on an occasion

---

[1] *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

[2] Trial defense counsel announced the pleas to these specifications as follows: "Of Specification 5 of Charge I: Not Guilty, but guilty of the lesser included offense of possession of heroin, also in violation of Article 112a. Of Specification 6 of Charge I: Not Guilty, but guilty of the lesser included offense of possession of methamphetamine, also in violation of Article 112a."

other than the 21–22 August 2016 incident. As the military judge reviewed the new PTA with Appellant, the following colloquy took place:

> MJ [Military Judge]: Okay, trial counsel, looking at this, it uses kind of an awkward construction, but the plea, it is clear that the intent of the PTA is that the accused would plea to a single possession of heroin, as opposed to divers introduction in Specification 5, and to a single possession of methamphetamine, as opposed to divers introduction in Specification 6 and that was the effect of the plea. His plea didn't use this exact language with exceptions, but do you believe that the plea as it was given, is substantially in compliance with the PTA that you have entered into?
>
> TC [Trial Counsel]: Yes, Your Honor.
>
> MJ: Is that your understanding as well defense counsel?
>
> DC: Yes, Your Honor.
>
> MJ: Airman Chen, is that your understanding, that even though the plea that the actual words that your counsel used in announcing your plea differs slightly from the language here that amounted to the same thing, and that your plea still complies with the pretrial agreement in your case?
>
> ACC: Yes, sir.

In accordance with his pleas, the military judge found Appellant guilty of the lesser included offenses of wrongful possession of heroin and methamphetamine, without excepting the "on divers occasions" language of either specification. He also found Appellant guilty of the other specifications and the charges. The military judge sentenced Appellant to a bad-conduct discharge, confinement for nine months, reduction to the grade of E-1, and a reprimand.

After trial, the staff judge advocate (SJA) prepared a SJAR for the convening authority which stated, *inter alia*, the maximum imposable sentence of the offenses for which Appellant was convicted included a "[bad-conduct discharge], confinement for 12 months, *forfeiture of 2/3 pay per month for 12 months*, reduction to the grade of E-1, *a fine*, and a reprimand." (Emphasis added.) The SJA recommended the convening authority approve the adjudged sentence. A copy of the SJAR was served on Appellant and trial defense counsel. The Defense did not object to the SJAR and did not submit any matters for the convening authority's consideration before action on the sentence. The convening authority approved the sentence as adjudged.

## II. DISCUSSION

### A. Law

A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion. *United States v. Blouin*, 74 M.J. 247, 251 (C.A.A.F. 2015). "The test for an abuse of discretion in accepting a guilty plea is whether the record shows a substantial basis in law or fact for questioning the plea." *United States v. Moon*, 73 M.J. 382, 386 (C.A.A.F. 2014). The military judge must question the accused under oath about the offenses to ensure there is an adequate factual basis for a guilty plea. Rule for Courts-Martial (R.C.M.) 910(e); *see* Article 45(a), UCMJ, 10 U.S.C. § 845(a). It is an abuse of discretion for the military judge to accept a guilty plea without an adequate factual basis or based on an erroneous view of the law. *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012). We look to the entire record to determine whether there is a substantial basis to question the guilty plea. *United States v. Jordan*, 57 M.J. 236, 239 (C.A.A.F. 2002).

The proper completion of post-trial processing is a question of law, which this court reviews de novo. *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (citations omitted). If the Defense does not make a timely comment on an error in the SJAR, the error is forfeited "unless it is prejudicial under a plain error analysis." *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) (citing R.C.M. 1106(f); *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Under a plain error analysis, we assess whether: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *Kho*, 54 M.J. at 65). To meet the third prong of the plain error test in the context of a post-trial SJAR error, whether that error is preserved or is otherwise considered under the plain error doctrine, we must find "some colorable showing of possible prejudice." *Id.* at 436–37 (quoting *Kho*, 54 M.J. at 65).

### B. Analysis

#### 1. Improvident Guilty Plea

It is unclear from the record why trial defense counsel did not except the words "on divers occasions" when she announced Appellant's revised pleas of "not guilty" to wrongful introduction of heroin and methamphetamine, but "guilty" to the lesser included offenses of possession. Trial defense counsel excepted the "divers" language when she announced the original pleas. The second, revised PTA also clearly authorized Appellant to except these words. The revised stipulation of fact only identified the single instance of possession of heroin and methamphetamine on 22 August 2016 to support these specifications, and the military judge's inquiry with Appellant explored only that single incident.

The military judge specifically addressed the discrepancy with trial counsel, trial defense counsel, and Appellant, noting the "clear . . . intent of the PTA is that the accused would plea to a single possession of heroin . . . and to a single possession of methamphetamine . . . ." Evidently, the military judge's primary concern was to confirm with the parties that the announced plea was consistent with the revised PTA. The parties agreed that it was. However, in light of the military judge's failure to except the "on divers occasions" language in his findings, Appellant's pleas raise other significant concerns that we cannot overlook.

The net effect of the pleas and findings was that Appellant pleaded to and was convicted of *divers* possession of heroin and methamphetamine where the record supported a finding of only a *single* possession of each. Thus, the military judge abused his discretion by accepting Appellant's plea to divers possession of heroin and methamphetamine. *See Weeks*, 71 M.J at 46. In accordance with Article 66(c), UCMJ, 10 U.S.C. § 866(c), we are bound to approve only such findings as we find "correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Accordingly, we set aside the findings of guilt with respect to the words "on divers occasions" with respect to both Specification 5 and Specification 6 of Charge I.

Having modified the findings, we next consider whether we can reassess the sentence. We have "broad discretion" when reassessing sentences. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). The United States Court of Appeals for the Armed Forces has repeatedly held that if we "can determine to [our] satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error . . . ." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986). Thus, our analysis is based on a totality of the circumstances with consideration of the following factors: dramatic changes in the penalty landscape and exposure; the forum; whether the remaining offenses capture the gravamen of the criminal conduct; whether significant or aggravating circumstances remain admissible and relevant; and whether the remaining offenses are the type that we as appellate judges have experience and familiarity with to reliably determine what sentence would have been imposed at trial. *Winckelmann*, 73 M.J. at 15–16. We find the factors weigh heavily in favor of reassessment rather than rehearing, and we are confident the military judge would have imposed the same adjudged sentence for the modified findings.

### 2. SJAR Error

Because Appellant did not object to the SJAR, we test for plain error. *Scalo*, 60 M.J. at 436. R.C.M. 1003(b)(3) provides, in pertinent part:

> Any court-martial may adjudge a fine in lieu of or in addition to forfeitures. In the case of a member of the armed forces, summary and special courts-martial may not adjudge any fine or combination of fine and forfeitures in excess of the total amount of forfeitures that may be adjudged in that case.

The maximum forfeiture that a special court-martial may adjudge is two-thirds of the accused's pay per month for 12 months. R.C.M. 201(f)(2)(B)(i). Thus, Appellant could not have been sentenced to a fine *in addition to* forfeiture of two-thirds pay per month for 12 months. The SJA's advice that the maximum punishment could include both forfeiture of two-thirds of Appellant's pay per month for 12 months as well as a fine was therefore plainly erroneous. *See United States v. Books*, No. ACM S32369, 2017 CCA LEXIS 226, at *7 (A.F. Ct. Crim. App. 31 Mar. 2017).

However, we readily find no colorable showing of possible prejudice. The Government did not seek a fine in this case, and neither a fine nor any forfeiture of pay was adjudged. Appellant requested no clemency and submitted no matters for the convening authority's consideration in taking action on the sentence. Moreover, Appellant raised no assignments of error before this court. We find no basis to conclude the erroneous inclusion of the possibility of a fine in the recitation of the maximum possible punishment in this case influenced the convening authority to Appellant's detriment. Therefore, no relief is warranted on this basis.

### III. CONCLUSION

The approved findings, as modified, and sentence, as reassessed, are correct in law and fact, and no other error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings, as modified, and the sentence, as reassessed, are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court