# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

### Anthony R. PICCININNO
### Yeoman First Class (E-6), U.S. Coast Guard

### CGCMG 0356
### Docket No. 1454

### 30 October 2018

| | |
|---|---|
| Military Judge: | CAPT Benes Z. Aldana, USCG |
| Appellate Defense Counsel: | LCDR Benjamin M. Robinson, USCG |
| Appellate Government Counsel: | LCDR Stephen R. Miros, USCG |
| | Mr. Stephen P. McCleary, Esq. |

### BEFORE
### McCLELLAND, JUDGE & BRUBAKER
Appellate Military Judges

Per curiam:

A military judge sitting as a general court-martial convicted Appellant, pursuant to his pleas, of possession of child pornography under Article 134, Uniform Code of Military Justice (UCMJ). The military judge sentenced Appellant to confinement for sixteen months, reduction to pay grade E-1, and a bad-conduct discharge. The Convening Authority approved the sentence but, pursuant to a pretrial agreement, suspended all confinement in excess of 120 days.

Appellant raises two issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982): (1) the court-martial lacked personal jurisdiction over him; and (2) his plea to possessing child pornography was improvident. We disagree.

**Jurisdiction**

While it is undisputed that Appellant, a Coast Guard reservist, was serving on active duty and thus subject to the UCMJ at the time of the offense, Appellant avers the court-martial lacked jurisdiction at the time of trial for two reasons: (1) the orders recalling him to active duty cited the incorrect statutory authority; and (2) he was improperly retained in the individual ready reserve (IRR).

Reviewing *de novo*, *United States v. Harmon*, 63 M.J. 98, 101 (C.A.A.F. 2006), we find no merit to these contentions. The court-martial had jurisdiction over Appellant pursuant to Article 2(d)(1)(B), UCMJ (allowing reserve component members to be ordered to active duty involuntarily to stand trial by court-martial) and Article 3(d), UCMJ ("A member of a reserve component who is subject to [the UCMJ] is not, by virtue of the termination of a period of active duty or inactive-duty training, relieved from amenability to the jurisdiction of [the UCMJ] for an offense against [the UCMJ] committed during such period of active duty or inactive-duty training.").

An error in Appellant's orders does not affect jurisdiction. After the general court-martial convening authority requested and was granted permission to involuntarily recall Appellant in order to stand trial, Appellant was issued travel orders. While one portion of the orders cited an inapt statutory provision pertaining to voluntary recall, the remainder made it clear that Appellant was being involuntarily recalled pursuant to Article 2(d), UCMJ, to stand trial. This clerical error resulted in no discernible prejudice to Appellant and did not deprive the court-martial of jurisdiction. *Accord United States v. Ferrando*, 77 M.J. 506, 512 (A.F. Ct. Crim. App. 2017), *rev. denied*, 77 M.J. 277 (C.A.A.F. 2018) ("[A]n administrative or clerical error committed by the Air Force in properly exercising its statutory jurisdiction over a member does not divest the court-martial of its otherwise lawful jurisdiction over that member.").

We also conclude that Appellant was, at the time he received his orders, a member of the Coast Guard reserve component and thus subject to involuntary recall to stand trial. On 8 January 2011, Appellant reenlisted in the Coast Guard Reserve for eight years; his obligated service in the reserves, as he attested during the guilty plea inquiry, thus extended through

January 2019 and he was never discharged from the Coast Guard Reserve. While he now asserts that he was "improperly" retained in the IRR, he specifically testified during the guilty plea inquiry that he "voluntarily went into the IRR" after his period of active duty terminated. (R. at 44.) Further, even were we to assume that his appellate assertions were true, the record amply demonstrates that Appellant was a member of the reserve component at the time of recall and thus subject to jurisdiction under Article 2(d), UCMJ.

## Providence of Pleas

Appellant asserts that his guilty plea to possessing child pornography was improvident because the images he possessed were child erotica, not child pornography. The phrase "child erotica" is generally understood to mean images of children that, while perhaps suggestive, do not meet the definition of "child pornography." *See United States v. Blouin*, 74 M.J. 247, 251 (C.A.A.F. 2015) (citing *United States v. Vosburgh,* 602 F.3d 512, 538 (3d Cir. 2010); *United States v. Gourde,* 440 F.3d 1065, 1070 (9th Cir. 2006)).

Appellant pleaded guilty to possessing "child pornography, to wit: digital images of minors engaged in sexually explicit conduct . . . ." By virtue of his plea, he waived any factual issues of his guilt. Rule for Courts-Martial 910(j), Manual for Courts-Martial, United States (2016 ed.); *United States v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009). We will overturn his guilty plea only if we conclude that the military judge abused his discretion in accepting the plea because something in the record of trial raises a substantial basis in law or fact for questioning the plea. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991).

Appellant stipulated that besides possessing "approximately 1,000 images of child erotica, depicting pre-pubescent children, approximately 8–12 years of age, in sexualized poses, partially clothed," he also possessed "approximately 20 images that could properly be classified as child pornography, depicting lascivious exhibitions of the genitals of female children." (Prosecution Ex. 1 at 2.) During the providence inquiry, after receiving proper definitions and explanations, Appellant admitted he knowingly possessed not just child erotica, but child pornography. He then provided a detailed factual basis for this conclusion, describing the

images and why they met the definition of child pornography. The military judge reviewed images that Appellant conceded were child pornography and concluded they indeed met the definition of child pornography. We too have reviewed the images and conclude that there is no substantial basis for questioning Appellant's plea and that the military judge did not abuse his discretion in accepting it.

## Decision

We determine that the findings and sentence are correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings and the sentence, as approved below, are affirmed.



For the Court,


Sarah P. Valdes
Clerk of the Court