# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WOLFE, SALUSSOLIA, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist WILLIAM C. GUY**
**United States Army, Appellant**

ARMY 20180292

Headquarters, Fort Drum
Teresa L. Raymond, Military Judge
Lieutenant Colonel Jennifer A. Neuhauser, Staff Judge Advocate

For Appellant: Captain Benjamin J. Wetherell, JA; Captain Patrick G. Hoffman, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.4, no response filed.

21 March 2019

--------------------------------
MEMORANDUM OPINION
--------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Per Curiam:

Today we write to briefly clarify that there is no requirement to introduce images of child pornography into the record when an accused pleads guilty to the offense.[1]

When appellant pleaded guilty at a general court-martial to possession of child pornography, the government introduced the images of child pornography into

---

[1] A military judge sitting as a general court-martial convicted appellant pursuant to his plea of one specification of possession of child pornography in violation of Article 134, Uniform Code of Military Justice [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for fourteen months, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence extending to a bad-conduct discharge, confinement for eleven months, and reduction to the grade of E-1.

the record. During the inquiry into the accused's plea, the military judge also had the images of child pornography displayed on the defense monitor for the accused to review. As we routinely receive records full of child pornography, we write briefly to explain what is required when accepting an accused's plea for possession of child pornography.

When an accused pleads guilty to an offense, the central question for the military judge at a guilty plea (and for this court when reviewing a guilty plea) is whether the accused's plea was voluntarily and knowingly made. *See United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). Under well-established cases, the military judge must explain the elements of the offense, and the accused must admit the factual basis of his guilt. *Id.* No independent proof of the accused's guilt is required.[2] As our superior court stated in *United States v. Faircloth*, when an accused pleads guilty to an offense:

> There is no requirement "that any witness be called or any independent evidence be produced to establish the factual predicate for the plea." The factual predicate is sufficiently established if "the factual circumstances as revealed by the accused himself objectively support that plea . . . ."

45 M.J. 172, 174 (C.A.A.F. 1996) (quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980)).

Indeed, if an accused fails to admit facts sufficient to support the plea, evidence admitted by the government will not save the plea unless it is adopted by the accused. For example, in *United States v. Cowan*, we refused to consider a victim's testimony at sentencing explaining that she was "subject to the orders" of the accused when determining the providence of the accused's plea to maltreatment. ARMY 20160031, 2017 CCA LEXIS 633, at *10 (Army Ct. Crim. App. 28 Sep. 2017) (mem. op.) ("[The victim's] testimony in sentencing sheds little light on

---

[2] To be clear, our review under Article 66(c), UCMJ, includes determining whether the findings and sentence are legally and factually sufficient. One way to consider this issue is that the legal and factual sufficiency of the plea is satisfied by the plea itself. A military judge instructs an accused prior to accepting a guilty plea that a "plea of guilty is equivalent to conviction," that "it's an admission of all the elements involved in the charges and specifications," and that "it's the strongest form of proof known to the law." *United States v. Dusenberry*, 23 U.S.C.M.A. 287, 289, 49 C.M.R. 536, 538 (1975); *see also United States v. McCrimmon*, 60 M.J. 145, 147 (C.A.A.F. 2004); Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para 2-2-1 (10 Sept. 2014).

whether *appellant's* plea of guilty was made knowingly and voluntarily.") (emphasis in original). In other words, if the accused fails to properly admit that he is guilty of possessing child pornography, the inclusion in the record of a government exhibit which is child pornography will not necessarily save the plea.

When an accused pleads guilty to possessing illegal narcotics, there is no need to introduce the drugs (or even the lab report) as evidence in order for the military judge to accept the plea. Nor on appeal are the drugs forwarded to this court so that we may independently verify the drugs are what the accused admitted they are. We see no reason why the offense of child pornography is different.

Nonetheless, the inclusion of child pornography in the record is routine in Army courts-martial. So routine, that on a rare occasion where it was not included we had an appellant claim the omission was error. It was not. As our esteemed colleague, Judge Anthony T. Febbo, explained in *United States v. Simon*, evidence of the offense is not required to complete our review under Article 66(c), UCMJ, when an accused has pleaded guilty to the offense.[3] ARMY 20160312, 2017 CCA LEXIS 405 at *7-9 (Army Ct. Crim. App. 16 Jun. 2017) (summ. disp.).

There are instances where the admission of child pornography into the record of trial is not necessary. Often the parties have stipulated, in detail, as to what the images depict and why they are child pornography. Most, if not all, military judges do not need to be educated that child pornography often involves the depiction of the rape and sexual abuse of infants, toddlers, and children. But, most importantly, child pornography involves real people who are done no great service when images of their rape as a child are needlessly included in a record for strangers to review.

Because child pornography is contraband, including it in the record requires sealing and special treatment which risks, even if exceedingly rare, an unintentional bureaucratic slip up. For example, child pornography must remain at all times in the "care, custody, and control of either the Government or the court." 18 U.S.C. § 3509(m). As Federal Express, United Parcel Service, and other commercial carriers are not part of the Government, chiefs of justice can only send records containing child pornography to this court by military courier or by the United States Postal Service (USPS). *See United States Postal Service v. Flamingo Industries (USA) Ltd.*, 540 U.S. 736, 744 (2004) (USPS is an independent establishment of the

---

[3] But, when the government introduces a picture in sentencing that on appeal a court concludes is *not* child pornography, the government can create a substantial factual basis for us to set aside the plea. *See, e.g., United States v. Blouin*, 74 M.J. 247, 251-52 (C.A.A.F. 2015). Such a scenario represents a bipartite failure by the government (in charging a non-offense in the first instance) and the defense (in advising the accused to plead guilty).

executive branch). The government may not provide a copy of child pornography to the defense, or even to their own non-governmental expert. *See* 18 U.S.C. § 3509(m)(2)(A) (no copies to the defense); *United States v. Wright*, 625 F.3d 583, 618 (9th Cir. 2010) (Public defenders even when employed by the court are not part of the government or the court for purposes of 18 U.S.C. § 3509(m)); *United States v. Shrake*, 515 F.3d 743, 746-47 (7th Cir. 2008) (Government violated 18 U.S.C. § 3501(m) when they provided a copy of child pornography to a civilian expert because while the government had contractual "control" over the images they no longer had "custody").

We also do not read *United States v. Care* as requiring an accused to view images of child pornography in court in order to plead guilty. 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). It would be somewhat ironic if we required an accused to view and all but constructively possess the child pornography in court as a prerequisite to pleading guilty to viewing and possessing child pornography in private. The factual basis of the accused's plea is established by his admissions, not by physical evidence. Where an appellant pleads guilty, "the issue must be analyzed in terms of providence of his plea, not sufficiency of the evidence." *United States v. Barton*, 60 M.J. 62, 64 (C.A.A.F. 2004) (citation omitted); *see also Cowan*, 2017 CCA Lexis 633 at *6-7; *United States v. Updegrove*, ARMY 20160166, 2017 CCA LEXIS 36 (Army Ct. Crim. App. 23 Jan. 2017) (mem. op.).[4]

It is not for this court to tell litigators what evidence they should or should not introduce. We understand that in a contested case, to be sure, the government will often have to admit the images of child pornography to meet its burden of proof. Similarly, in both a guilty plea and a contested case, the government may have a legitimate interest in admitting the images or videos as aggravation evidence on sentencing. But, our routine review of records suggests to us that images of child pornography are included in guilty pleas as a matter of course and perhaps due to a misunderstanding of what is required. Again, just as an accused is not required to smell and handle contraband narcotics before pleading guilty to an Article 112a, UCMJ, offense, nothing requires the introduction and in-court viewing of child pornography in order to plead guilty to child pornography.

Accordingly, the parties should present their cases in a manner that best serves their client. For the government, this might mean asking whether the benefit to the case, if any, in introducing the actual images outweighs the government's

---

[4] To the extent that an accused who is pleading guilty to possessing child pornography struggles with having healthy attitudes towards children, it is not clear that requiring the accused to review child pornography will aid in that struggle. However, an accused and counsel do have the right to inspect the government's evidence. *See* 18 U.S.C. § 3509 (m)(2)(A); Rule for Courts-Martial 701(e).

interest in protecting the child pornography victim who will have his or her image viewed by yet more strangers at trial, on appeal, and stored for decades in the custody of the national archives.

## CONCLUSION

On consideration of the entire record, the finding of guilty and sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court